03 CR 449 (KMW)

Honorable Kimba M. Wood - United States District Judge

Daniel Patrick Moynihan - United States Courthouse (Courtroom: 18B)

500 Pearl Street, New York, NY 10007-1312

212-805-0125

August 22, 2013

Judge Woods,



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/13

**MEMO ENDORSED**

I am writing to you in regards to my supervised release term. I have served over a year from my June 22, 2012 start of supervision date. I have had clear conduct through this time. I have maintained steady employment. I have maintained the same residence through this term.

I have been working in the entertainment industry. I have recently become even more involved with some of the companies that I do freelance work with. They are now requiring travel of me from time to time. This would be a significant increase of income for me.

Sometimes this travel can be on very short notice. In attempts to keep our costs down as we are freelance talent we sometimes share motel rooms, or sleep in RVs when space is available. It is hard to give exact housing and travel information as these factors change depending on situations. Even production hours and days are hard to gauge once we are on a certain production.

Given these circumstances I would respectfully request an early termination of my three year supervised release term.

Thank you for your time and energy in this matter.

Respectfully,

*William Mendola*

William J. Mendola

Reg. #37664-048

ASHLEY THERESA LOWE
Notary Public - State of New York
No. 01LO6269104
Qualified in Bronx County
My Commission Expires Sept. 17, 2016

*Ashley T. Lowe*

The Court denies this request because Mr. Mendola has not yet demonstrated "exceptionally good behavior", has not completed 2/3 of his period of supervision, is a recidivist, and his offense was large in scale.

SO ORDERED:  N.Y., N.Y.
8-27-13

*Kimba M. Wood*
KIMBA M. WOOD
U.S.D.J.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Indictment No: S203CR449(KW)

WILLIAM J. MENDOLA (B.O.P. Reg. #37664-048),

Movant.

MOTION TO TERMINATE SUPERVISED RELEASE AFTER

COMPLETION OF ONE-YEAR OF SUPERVISION

PURSUANT TO TITLE 18 U.S.C. S 3583(e)(1)

NOW COMES, William J. Mendola ("William"), appearing pro se, and files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1).

INTRODUCTION

The district court enjoys "broad discretion" when, after "tak[ing] into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence," it discharges a defendant's supervised release.

See United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). "These [factors] are largely the same considerations the court must assess when imposing the original sentence." Id.

Title 18 U.S.C. § 3583(e)(1) states that: "The court may, after considering the factors set forth in section (a)(1), (a)(2)(B), (a) (2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

"Claims of injustice or unfairness may be properly evaluated-- as one factor among many-- under the broad and general directive of § 3583(e)(1)." Jeanes at 484-485. However, the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." Id.

As the Supreme Court has noted:

[§ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its reimposition or continuation at a later time. Congress wrote that when a court finds that a defendant's conduct and the interest of justice warrant it, the court may "terminate a term of supervised release and discharge the person released," once at least a year of release time has been served.

Johnson v. United States, 529 U.S. 694, 120 S.Ct. 370, 146 L.Ed.2d 727, 738 (2000)

DISCUSSION

Movant William respectfully asks this court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice."

I.

William has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities. He has fully complied with the court's express terms of supervision, including abstaining from drug use (as evidenced by his continued "clean" drug monitoring), fully obeying the law, and diligently complying with the requirements of the Probation Department. Blow has tried to live a productive lifestyle by holding steady employment while supporting himself.

II.

When evaluating his offense conduct, criminal history, and potential for further crimes, William believes this court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See Publication 109, p.37 (1993), U.S. Administrative Office of Courts. See also, Publication 109, Chapter III, p.19-21 (2007 Revision)

William meets all of the following suggested criteria from Publication 109 (p.20):

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all condition supervision;

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

CONCLUSION

WHEREFORE, premises considered, William asks this court to terminate his supervised release term early for the aforementioned reasons.

DATED: August 22, 2013.

Respectfully Submitted,

*William Mendola*

William J. Mendola, Pro Se

42 Parkway Road (2R)

Bronxville, NY 10708

CERTIFICATE OF SERVICE

I, William J. Mendola, hereby certify that a true and correct copy of the foregoing Motion to Terminate Supervised Release was served, via U.S. Mail, to the following parties on this 22th day of August, ~~2001~~ 2013

1. Assistant U.S. Attorney

1 St. Andrews Plaza

New York City, NY 10007

*William Mendola*

William J. Mendola

ASHLEY THERESA LOWE
Notary Public - State of New York
No. 01LO6269104
Qualified in Bronx County
My Commission Expires Sept. 17, 2016